Jill O. Gibson, OSB #973581
jill@gibsonlawfirm.org
Gibson Law Firm, LLC
121 SW Morrison St, 11th Flr
Portland, OR 97204
Tel: 503.686.0486

Milton L. Chappell, DCB #936153
(*pro hac vice* to be filed)
mlc@nrtw.org
c/o National Right to Work Legal
Defense Foundation, Inc.
8001 Braddock Rd, Ste 600
Springfield, VA  22151
Tel: 703.770.3329

James G. Abernathy, OSB #161867
JAbernathy@myfreedomfoundation.com
c/o Freedom Foundation
PO Box 552
Olympia, WA  98507
Tel: 360.956.3482

*Attorneys for Plaintiffs and the Requested Class*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **JENNI CHAMBERS, TERRY GODWIN, STEVEN MASUO, BRYAN QUINLAN, MARINA SHADRIN, MISTY STAEBLER, BETTY SUMEGA, GLORIA CARLSON, JACYN GALLAGHER, LINDSEY HART, CRAIG LEECH, and MATTHEW PUNTNEY,** as individuals and representatives of the requested class, | Case No. <br><br> **COMPLAINT – CLASS ACTION** <br><br> **Constitutional Violation Action (42 U.S.C. § 1983), and State Law Conversion Action** |
| Plaintiffs, | |
| v. | |

**PAGE 1** - **COMPLAINT – CLASS ACTION**

**AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL EMPLOYEES
INTERNATIONAL UNION, AFL-CIO;
AFSCME, LOCAL 3336; ASSOCIATION OF
ENGINEERING EMPLOYEES OF
OREGON; CITY OF CORNELIUS
EMPLOYEES UNION, AFSCME LOCAL
189; MARION COUNTY EMPLOYEES
ASSOCIATION, LOCAL 294 OF THE
OREGON PUBLIC EMPLOYEES UNION;
MULTNOMAH COUNTY EMPLOYEES
UNION, LOCAL 88, AFSCME, AFL-CIO;
NATIONAL EDUCATION ASSOCIATION
OF THE UNITED STATES; OREGON
AFSCME COUNCIL 75; OREGON
EDUCATION ASSOCIATION; OREGON
PUBLIC EMOLYEES UNION (OPEU),
LINN COUNTY LOCAL 390; SERVICE
EMPLOYEES INTERNATIONAL UNION,
CTW, CLC; SERVICE EMPLOYEES
INTERNATIONAL UNION (SEIU) LOCAL
503, OREGON PUBLIC EMPLOYEES
UNION (OPEU); SOUTHERN OREGON
BARGAINING COUNCIL; and THREE
RIVERS EDUCATION ASSOCIATION**,
labor organizations,

Defendants.

## INTRODUCTION

1.      Plaintiffs are public employees who are exclusively represented by their respective

defendants which negotiated collective bargaining agreements ("CBA") within the limitations

period with plaintiffs' respective public employers that established their terms and conditions of

employment within their bargaining units. Although plaintiffs were not members of their

respective unions and affiliates they were forced by Oregon's Public Employee Collective

Bargaining Act ("PECBA"), *i.e.*, ORS 243.650(10) & (18), ORS 243.666(1) (last three

sentences), ORS 243.672(1)(c) (last two sentences) and ORS 292.055(5); and the forced fee

provisions of their respective CBAs to pay compulsory union fees by automatic deduction or

**PAGE 2** - **COMPLAINT – CLASS ACTION**

otherwise to their respective unions and affiliates as a condition of their employment and without their consent.

2.      Pursuant to the PECBA and these forced fee provisions, plaintiffs' respective public employers automatically deducted moneys from their wages, without plaintiffs' written consent or knowing waiver of their First Amendment rights, and transferred, directly or indirectly, those deductions to plaintiffs' respective unions or affiliates.

3.      On June 27, 2018, the United States Supreme Court held:

> States and public-sector unions may no longer extract [forced] fees from nonconsenting employees. * * * Neither [a forced] fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay. By agreeing to pay, nonmembers are waiving their First Amendment rights, and such a waiver cannot be presumed.

*Janus v. AFSCME, Council 31*, 585 U.S. ___, 138 S. Ct. 2448, 2486 (2018) (citations omitted).

4.      Defendants have violated the First and Fourteenth Amendments to the United States Constitution and the tort of conversion of property by automatically having compulsory union fees deducted from plaintiffs and the class members they seek to represent ("class members"), even though plaintiffs and class members did not belong to their respective unions and did not authorize the deductions and waiver of their First Amendment rights, and transferred, directly or indirectly, to them.

5.      Plaintiffs bring this civil rights action, pursuant to 42 U.S.C. § 1983, and this state tort law of conversion of property for replevin and restitution under the Court's supplemental jurisdiction, on behalf of themselves and all others similarly situated, seeking (a) judgment declaring defendants' practices of forcing them to pay fees to fund union activity of any kind violate the First Amendment and was an illegal conversion of their property; (b) judgment declaring ORS 243.650(10) & (18), ORS 243.666(1) (last three sentences),

**PAGE 3 - COMPLAINT – CLASS ACTION**

ORS 243.672(1)(c) (last two sentences) and ORS 292.055(5), which legalize forced

nonmember union fee deductions, violate the First Amendment and are unconstitutional;

(c) judgment declaring the forced fee provisions of the CBAs covering plaintiffs' and class

members' bargaining units violate the First Amendment and are null and void; and

(d) damages from defendants for, or replevin, refund or restitution of, all unlawfully seized

forced fees and conversion from plaintiffs and class members; that defendants demanded or

received; and (e) costs and attorneys' fees under 42 U.S.C. § 1988.

**JURISDICTION AND VENUE**

6.      This is an action that arises under the Federal Civil Rights Act of 1871, 42 U.S.C.

§ 1983, to redress the deprivation, under color of state law, of rights, privileges and immunities

secured to plaintiffs and class members by the Constitution of the United States, particularly the

First and Fourteenth Amendments.

7.      The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C.

§ 1343.

8.      This action is an actual controversy in which plaintiffs seek a declaration of their

rights under the Constitution of the United States. Pursuant to 28 U.S.C. §§ 2201-2202, this Court

may declare the rights of plaintiffs and grant further necessary and proper relief based thereon,

including injunctive relief pursuant to Federal Rule of Civil Procedure 65.

9.      Plaintiffs also request this Court to take supplemental jurisdiction, pursuant to

28 U.S.C § 1367, over their state tort law of conversion of property for replevin and restitution,

and any other legal or equitable cause of action that offer the refund or restitution of their

personal property that was unlawfully seized or received by or on behalf of defendants.

**PAGE 4** - COMPLAINT – CLASS ACTION

10.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the claims arise in this judicial district and division and defendants operate and do business in this judicial district and division.

11.    Because a substantial part of the events giving rise to the claims occurred in Clackamas, Marion, Multnomah, Washington, and Yamhill Counties, assignment to the Portland Division is proper.  L.R. 3-2.

## PARTIES

12.    Plaintiff Jenni Chambers resides in Yamhill County, Oregon, and works in Marion County, Oregon.

13.    Plaintiff Terry Godwin resides and works in Washington County, Oregon.

14.    Plaintiff Steven Masuo resides and works in Multnomah County, Oregon.

15.    Plaintiff Bryan Quinlan resides and works in Washington County, Oregon.

16.    Plaintiff Marian Shadrin resides in Marion County, Oregon, and works in Washington County, Oregon.

17.    Plaintiff Misty Staebler resides in Yamhill County, Oregon, and works in Marion County, Oregon.

18.    Plaintiff Betty Sumega resides and works in Josephine County, Oregon.

19.    Plaintiff Gloria Carlson resides in Clark County, Washington and works in Multnomah County, Oregon.

20.    Plaintiff Jacyn Gallagher resides and works in Marion County, Oregon.

21.    Plaintiff Lindsey Hart resides in Benton County, Oregon, and works in Linn County, Oregon.

22.    Plaintiff Craig Leech resides and works in Marion County, Oregon.

23.    Plaintiff Matthew Puntney resides and works in Marion County, Oregon.

24.     Defendant American Federation of State, County and Municipal Employees International Union, AFL-CIO ("AFSCME"), is a national labor union affiliated with Defendant Oregon AFSCME Council 75 and does business throughout Oregon, including within this court division. Its national headquarters is located at 1625 L Street, NW, Washington, DC 20036.

25.     Defendant AFSCME, Local 3336 ("AFSCME 3336"), whose mailing address is P.O. Box 40446, Portland, OR 97240, is a local labor union affiliated with Oregon AFSCME 75. AFSCME 3336 and AFSCME 75 have entered into CBAs with the State of Oregon, acting through its Department of Administrative Services on behalf of the Department of Environmental Quality.

26.     Defendant Association of Engineering Employees of Oregon ("AEEO") is a state-wide labor union doing business throughout Oregon, including within this court division, whose office is located at 3990 Cherry Avenue Northeast Suite 100, Keizer, Oregon 97303. Defendant AEEO has entered into CBAs with the State of Oregon, acting through its Department of Administrative Services on behalf of Oregon state agencies including the Oregon Parks and Recreation Department.

27.     Defendant City of Cornelius Employees Union, AFSCME Local 189 ("AFSCME 189"), who accepts mail at 6025 East Burnside Street, Portland, Oregon 97215, is a local labor union affiliated with AFSCME 75. AFSCME 189 and AFSCME 75 have entered into CBAs with multiple Oregon local governments including the City of Cornelius.

28.     Defendant Marion Employees Association, Local 294 of Oregon Public Employees Union ("MCEA"), whose office is located at 1730 Commercial Street Southeast, Salem, Oregon, 97309, is a local labor union affiliated with Defendant SEIU 503. MCEA and SEIU 503 have entered into CBAs with Marion County, Oregon.

**PAGE 6** - **COMPLAINT – CLASS ACTION**

29.     Defendant Multnomah County Employees Union, Local 88, AFL-CIO
("AFSCME 88"), whose office is located at 6025 East Burnside Street, Portland, Oregon 97215,
is a local labor union affiliated with AFSCME 75. AFSCME 88 and AFSCME 75 have entered
into CBAs with multiple Oregon local governments including Multnomah County, Oregon.

30.     Defendant National Education Association of the United States ("NEA") is a
national labor union affiliated with Defendants Oregon Education Association, Southern Oregon
Bargaining Council and Three Rivers Education Association and does business throughout
Oregon, including within this court division. Its national headquarters is located at 1201 16th
Street, NW, Washington, DC 20036.

31.     Defendant Oregon AFSCME Council 75 ("AFSCME 75"), whose Portland office
is located at 6025 E Burnside Street, Portland, OR 97215, is a state-wide labor union affiliated
with Defendants AFSCME and AFSCME Local 3336. AFSCME 75 has entered into numerous
CBAs with numerous public employers throughout Oregon, including the State of Oregon.

32.     Defendant Oregon Education Association ("OEA"), whose central office is
located at 6900 SW Atlanta Street, Plaza 1, Portland, OR 97223, is a state-wide labor union
affiliated with Defendants NEA, Southern Oregon Bargaining Council and Three Rivers
Education Association/Southern Oregon Bargaining Council. OEA or its affiliates has entered
into numerous CBAs with numerous school districts throughout Oregon.

33.     Defendant Oregon Public Employees Union (OPEU), Linn County Local 390
("SEIU 390"), whose office is located at 1730 Commercial Street Southeast, Salem, Oregon,
97309, is a local labor union affiliated with Defendant SEIU 503. SEIU 390 and SEIU 503
have entered into CBAs with Linn County, Oregon.

34.     Defendant Service Employees International Union, CTW, CLC ("SEIU") is a
national union affiliated with Defendants MCEA, OPEU 390 and SEIU Local 503 and does

business throughout Oregon, including within this court division. Its national headquarters is located at 1800 Massachusetts Ave, NW, Washington, DC 20036.

35.    Defendant Service Employees International Union (SEIU) Local 503, Oregon Public Employees Union (OPEU) ("SEIU 503"), whose Portland office is located at 6401 SE Foster Road, Portland, OR 97206, is a state-wide labor union affiliated with Defendants MCEA, OPEU 390 and SEIU. SEIU 503 has entered into numerous CBAs with public employers throughout Oregon, including the State of Oregon. SEIU 503, together with its respective local affiliates, including MCEA and OPEU 390, has entered into numerous CBAs with county public employers throughout Oregon.

36.    Defendant Southern Oregon Bargaining Council ("SOBC"), whose address is 2495 South Pacific Highway, Medford, OR 97501, is a regional labor union affiliated with Defendants NEA, OEA and the Three Rivers Education Association. SOBC has entered into CBAs with school districts, including the Three Rivers School Board on behalf of the Three Rivers School District, throughout Southern Oregon

37.    Defendant Three Rivers Education Association ("TREA"), whose address is 8550 New Hope Road, Grants Pass, OR 97527, is the local labor union affiliated with Defendants NEA and OEA. TREA has entered into CBAs with the Three Rivers School Board on behalf of the Three Rivers School District.

## FACTUAL ALLEGATIONS

38.    Plaintiff Jenni Chambers has worked for the State of Oregon in the Oregon Department of Transportation in a bargaining unit represented by Defendant SEIU 503 since March 1, 2014. Between May 2014 and July 2018, forced fees were automatically deducted from Chamber's wages without her consent and transferred to Defendants SEIU and SEIU 503.

**PAGE 8** - **COMPLAINT – CLASS ACTION**

39.     Plaintiff Terry Godwin has worked for the City of Cornelius in a bargaining unit represented by Defendants AFSCME 75 and AFSCME 189 since March 2007. Between at least September 2012 and July 2018, forced fees were automatically deducted from Godwin's wages without his consent and transferred to Defendants AFSCME, AFSCME 75 and AFSCME 189.

40.     Plaintiff Steven Masuo worked for the Oregon Department of Environmental Quality in a bargaining unit represented by Defendants AFSCME 75 and AFSCME 3336 between 1991 and May 1, 2018. Between at least September 2012 and July 2018, forced fees were automatically deducted from Masuo's wages without his consent and transferred to Defendants AFSCME, AFSCME 75 and AFSCME 3336.

41.     Plaintiff Bryan Quinlan has worked for the Oregon Department of Human Services in a bargaining unit represented by Defendant SEIU 503 since September 2014. Between October 2014 and July 2018, forced fees were automatically deducted from Quinlan's wages without his consent and transferred to Defendants SEIU and SEIU 503.

42.     Plaintiff Marina Shadrin has worked for the Oregon Public Employees Retirement System in a bargaining unit represented by Defendant SEIU 503 since April 2016. Between May 2016 and July 2018, forced fees were automatically deducted from Shadrin's wages without her consent and transferred to Defendants SEEIU and SEIU 503.

43.     Plaintiff Misty Staebler has worked for the State of Oregon in the Oregon Health Authority in a bargaining unit represented by Defendant SEIU 503 since January 2003. Between at least September 2012 and July 2018, forced fees were automatically deducted from Staebler's wages without her consent and transferred to Defendants SEIU and SEIU 503.

44.     Plaintiff Betty Sumega has worked for the Three Rivers School District since August 2003. Between at least September 2012 and July 2018, forced fees were automatically

deducted from Sumega's wages without her consent and transferred to Defendants NEA, OEA, SOBC and TREA.

45.    Plaintiff Gloria Carlson worked for Multnomah County in a bargaining unit represented by AFSCME 75 and AFSCME 88 between February 1998 and September 2018. Between at least September 2012 and July 2018, forced fees were automatically deducted from Carlson's wages without her consent and transferred to Defendants AFSCME, AFSCME 75 and AFSCME 88.

46.    Plaintiff Jacyn Gallagher has worked for the Oregon Department of Justice in a bargaining unit represented by Defendant SEIU 503 since June 2005. Between at least September 2012 and July 2018, forced fees were automatically deducted from Gallagher's wages without her consent and transferred to Defendants SEIU and SEIU 503.

47.    Plaintiff Lindsey Hart has worked for Linn County in a bargaining unit represented by Defendants OPEU 390 and SEIU 503 since July 1, 2008. Between August 2017 and July 2018, forced fees were automatically deducted from Hart's wages without her consent and transferred to Defendants OPEU 390, SEIU 503, and SEIU.

48.    Plaintiff Craig Leech has worked for Oregon Parks and Recreation Department in a bargaining unit represented by Defendant AAEO since April 2009. Between at least September 2012 and July 2018, forced fees were automatically deducted from Leech's wages without his consent and transferred to Defendant AAEO.

49.    Plaintiff Matthew Puntney has worked for Marion County in a bargaining unit represented by Defendants MCEA and SEIU 503 since April 25, 2016. Between April 25, 2016 and July 2018, forced fees were automatically deducted from Puntney's wages without his consent and transferred to Defendants MCEA, SEIU 503 and SEIU.

50.     Though none of the plaintiffs are members of their respective union and affiliates, all were compelled, pursuant to the PECBA and the forced fee provisions of their respective CBAs, to pay a nonmember fee to their respective union and affiliates as a condition of their public employment prior to June 27, 2018, and some deductions continued for a period thereafter.

51.     Pursuant to the PECBA and these forced fee provisions, plaintiffs' respective public employers each deducted the forced fees from plaintiffs' wages without their written affirmative consent and transferred them to the respective unions and their affiliates.

52.     Defendants acted under color of state law when they imposed and received these forced fees from plaintiffs and class members pursuant to the laws of Oregon that authorized these automatic deductions and transfer of plaintiffs' wages, directly or indirectly, to defendants. *See* ORS 243.650(10) & (18), ORS 243.666(1) (last three sentences), ORS 243.672(1)(c) (last two sentences), and ORS 292.055(5).

## PLAINTIFFS' CLASS ALLEGATIONS

53.     Plaintiffs bring this class action under Fed. R. Civ. P. (b)(3). The class includes all individuals employed by an Oregon public employer who had forced nonmember fees deducted from their wages and transferred, directly or indirectly, to any of the defendants at any time during the limitations period. The class includes everyone who has ever fallen within this definition at any time for the period(s) forced nonmember fees were deducted, including former and retired employees who have moved to other states and those who eventually joined the union and knowingly waived their First Amendment rights.

54.     The number of persons in the class makes joinder of the individual class members impractical.

55.     There are questions of fact and law common to all class members. Factually, plaintiffs and all class members are or were public employees who did not join the union(s) but

**PAGE 11** - **COMPLAINT – CLASS ACTION**

were compelled to pay forced nonunion fees to their respective defendants and affiliates as a condition of public employment. Legally, the U.S. Constitution and Oregon tort law afford the same rights to plaintiffs and all class members. The common questions include whether they are entitled to the return of the forced fees deducted without their consent.

56.     Plaintiffs' claims are typical of other class members, because class members have not affirmatively consented to financially supporting their respective defendants and affiliates, yet have been forced by state law and CBA provisions to financially support the defendants and affiliates in violation of their rights.

57.     Plaintiffs can adequately represent the interests of all class members, and have no interests antagonistic to any class member because all have had force fees deducted from their wages without their consent.

58.     A class action can be maintained under Rule 23(b)(3) because the common questions of law and fact identified in the complaint predominate over any questions affecting only individual class members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because, among other things, all class members are subjected to the same violation of their constitutional and tort rights, but the amount of money involved in each individual's claim would make it burdensome for class members to maintain separate actions. The amount of the forced fee deductions taken from plaintiffs and class members, the amount of damages, rebates or restitution, are known to the respective defendants.

## CAUSES OF ACTION

## COUNT I

### (Forced fee deductions violate 42 U.S.C. § 1983

### and the First and Fourteenth Amendments)

59.     Plaintiffs re-allege and incorporate by reference the paragraphs set forth above.

**PAGE 12** - **COMPLAINT – CLASS ACTION**

60.     By and through ORS 243.650(10) & (18), ORS 243.666(1) (last three sentences), ORS 243.672(1)(c) (last two sentences), and ORS 292.055(5) and the terms of the forced fee provisions of the CBAs between plaintiffs' and class members' public employers and the respective defendants, as well as the automatic seizure of forced fees from plaintiffs' and class members' wages, defendants have compelled plaintiffs and class members to financially support the respective unions and affiliates.

61.     As a result of the actions set forth in the forgoing paragraph, defendants have violated the respective plaintiffs' and class members' First Amendment rights, as secured by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, not to associate with or financially support a labor organization and its affiliates as a condition of employment, or to have forced fees deducted from their wages without their affirmative consent and knowing waiver of their First Amendment rights and transferred, directly or indirectly, to the respective defendants.

## COUNT II

### (State tort law of conversion of property
### for replevin and restitution of property)

62.     Plaintiffs re-allege and incorporate by reference the paragraphs set forth above.

63.     During the employment of plaintiffs and class members within the bargaining unit represented by the respective defendants, plaintiffs and class members earned lawful wages from their respective public employers.

64.     Although plaintiffs and class members did not consent to the transfer of any of their wages to their respective defendants and affiliates while they were not members of those unions, out of each paycheck, defendants unlawfully and without consent received, directly or indirectly, the seized private property, the wages, of plaintiffs and class members and used

**PAGE 13** - **COMPLAINT – CLASS ACTION**

these unauthorized deductions from their wages for the respective defendants' and affiliates'
own uses and purposes.

65.     The defendants returned the unauthorized deductions that occurred after
June 27, 2018, to the respective plaintiffs and class members, but did not return the
unauthorized deductions taken prior to June 27, 2018.

66.     The defendants and their affiliates have committed the tort of conversion of
property by appropriating the wages of the respective plaintiffs and class members without
securing their affirmative, written, and freely given consent. They are liable in an action for
tort, conversion of property for replevin and restitution (and any other legal or equitable
causes of action). Plaintiffs and class members are entitled to the rebate or return of, or
damages for, the unlawful seizure of their personal property by the deduction of forced fees
from their wages without their consent and transfer, directly or indirectly, to the respective
defendants and their affiliates.

67.     Defendants cannot defend their tortious conduct by relying on
ORS 243.650(10) & (18), ORS 243.666(1) (last three sentences), ORS 243.672(1)(c) (last two
sentences), and ORS 292.055(5), because those statutes are unconstitutional and cannot shield
the compelled extraction of money from nonmembers of the defendants or confer immunity on
tortious conduct.

68.     This Court has original jurisdiction over Count I raising violations of the First
and Fourteenth Amendments under 42 U.S.C. § 1983.

69.     The state law claims of Count II are related to the claims of Count I and arise
out of and form part of the same case or controversy so that the Court should take
supplemental jurisdiction over the state law claims of Count II, pursuant to 28 U.S.C. § 1367.

**PAGE 14** - **COMPLAINT – CLASS ACTION**

## PRAYER FOR RELIEF

Wherefore, plaintiffs pray that this Court:

A.      **Class action:** enter an order, as soon as practicable, certifying this case as a class action, certifying the class as defined in the Complaint, certifying plaintiffs as class representatives for the class, and appointing plaintiffs' counsel as class counsel for the class;

B.      **Declaratory Judgment:** enter a declaratory judgment that all pertinent statutes, forced fee provisions of collective-bargaining agreements that compelled plaintiffs and class members to pay nonmember fees to the respective defendants and affiliates as a condition of their employment, the deductions of forced nonunion fees, and the receipt and use of those forced deductions by defendants are unconstitutional under the First Amendment, as secured against state infringement by the Fourteenth Amendment to the United States, and are null and void;

C.      **Declaratory Judgment:** enter a declaratory judgment that defendants committed the tort of conversion in entering into and enforcing forced fee provisions and receiving and using the respective plaintiffs' and class members' forced fee deductions;

D.      **Damages:** enter a judgment awarding plaintiffs and class members compensatory damages, refunds or restitution in the amount of forced fees deducted or required to be paid, directly or indirectly, to the respective defendants from their wages without their written consent, including statutory interest pursuant to ORS 82.020, and such other amounts as principles of justice and equity require;

E.      **Replevin or Restitution:** enter a judgment for defendants' conversion of plaintiffs' and class members' wages awarding them replevin or restitution of the amount of forced fees deducted or required to be paid, directly or indirectly, to the respective defendants from their wages without their written consent;

**PAGE 15** - COMPLAINT – CLASS ACTION

F.    **Interest:** award plaintiffs prejudgment and post judgment interest, as appropriate, on all amounts due to plaintiffs as a result of this action;

G.    **Costs and attorney fees:** award plaintiffs their costs and reasonable attorney fees pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, and as otherwise permitted by law; and

H.    **Other relief:** award plaintiffs such other and additional relief as this Court deems just, equitable or proper.

Dated: September 20, 2018

GIBSON LAW FIRM, LLC

By:    *s/Jill Gibson*
       Jill Gibson, OSB #973581
       jill@gibsonlawfirm.org
       Of Attorneys for Plaintiffs and the Requested
       Class

**PAGE 16** - COMPLAINT – CLASS ACTION